# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPONENT ENTERPRISES CO INC, FAIRHILL CABLE PRODUCTS INC T/A VICTOR INDUSTRIES, PENN & ARCH LLC AND/OR THEODORE & JOHN HOFFMAN, THEODORE HOFFMAN, HOFFMANOPOLY LLC, AND COMPONENT ENTERPRISES CO INC 401K PLAN,<br><br>Plaintiff,<br><br>v.<br><br>SELECTIVE WAY INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 2:21-cv-05206 |

## NOTICE OF REMOVAL OF DEFENDANT SELECTIVE WAY INSURANCE COMPANY

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, defendant Selective Way Insurance Company ("Selective"), by its undersigned attorneys, submits this Notice of Removal from the Court of Common Pleas of Montgomery County, Pennsylvania, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, Selective states as follows:

### Nature of the Action

1. Plaintiff Component Enterprises Co Inc, Fairhill Cable Products Inc T/A Victor Industries, Penn & Arch LLC and/or Theodore & John Hoffman, Theodore Hoffman, Hoffmanopoly LLC, and Component Enterprises Co Inc 401K Plan ("Plaintiff") commenced this lawsuit against Selective in the Court of Common Pleas of Montgomery County, Pennsylvania

under Docket No. 2021-22209-0 by filing a Complaint on November 1, 2021 (the "Action"). (Ex. 1, Complaint.)[1]

2. The Summons and Complaint in the Action were served on Selective on November 4, 2021.

3. No orders have been entered, and no other process or pleadings have been served upon Selective in the Action.

4. This Action is a breach of contract dispute concerning an insurance policy.

5. In the Complaint, Plaintiff alleges that Selective issued a commercial insurance policy to Plaintiff bearing policy number S2016628 with a policy period of December 17, 2019 to December 17, 2020 (the "Policy"). (Ex. 1, Complaint at ¶¶ 1, 4.)

6. Plaintiff alleges that on or about August 4, 2020, it sustained a "covered loss" at its property at 275 E. Penn Street, Norristown, Pennsylvania due to a "windstorm." (Ex. 1, Complaint at ¶ 7.)

7. Plaintiff alleges that it "submitted a claim to Selective under the Policy for its losses and damages from this covered peril" but that "Selective improperly denied the Plaintiff's claim" and therefore breached the Policy (Ex. 1, Complaint at ¶¶ 8, 12, 13.)

8. Plaintiff alleges that as a result of Selective's breach of contract, it "has suffered and continues to suffer damages." (Ex. 1, Complaint at ¶ 24.)

9. Plaintiff seeks to recover from Selective damages that Plaintiff allegedly sustained as a result of the purported breach of contract, including compensatory damages in excess of

---

[1] By referring to the allegations of the Complaint, Selective does not admit or acknowledge the truth thereof.

$50,000, pre-judgment and post-judgment interest, and "such other relief as the court may deem equitable and just." (Ex. 1, Complaint.)

### The District Court has Jurisdiction Over this Matter Under 28 U.S.C. § 1332(a)(1)

10. Pursuant to 28 U.S.C. § 1441(a), a state court action over which a District Court of the United States would possess original jurisdiction may be removed to the District Court for the district and division embracing the place where the state court action is pending.

11. A District Court shall have original jurisdiction over a proceeding between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

12. The requirements of Section 1332(a)(1) are met with regard to this Action because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### There is Complete Diversity of Citizenship Between the Parties

13. A District Court shall have original jurisdiction over a proceeding between citizens of different states. 28 U.S.C. § 1332(a)(1).

14. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be diverse from every defendant. *See In re Briscoe*, 448 F.3d 201, 215, 215 (3d Cir. 2006).

15. A corporation is deemed a citizen of the state in which it is incorporated and the state where it maintains its principal place of business for purposes of establishing diversity of citizenship. 28 U.S.C. § 1332(c)(1).

16. Plaintiff alleges that it "is a company incorporated in the Commonwealth of Pennsylvania and the owner of the real property located at 275 E. Penn St., Norristown, PA

19401." (Ex. 1, Complaint at ¶ 2.)

17. Upon information and belief, Plaintiff's principal place of business is 275 E. Penn St., Norristown, Pennsylvania 19401.

18. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of Pennsylvania.

19. Defendant Selective is a corporation incorporated in New Jersey with a principal place of business in New Jersey.

20. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Selective is a citizen of New Jersey.

21. Because Plaintiff is a citizen of Pennsylvania, and defendant Selective is a citizen of New Jersey, there is complete diversity of citizenship.

22. Accordingly, the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

### The Amount in Controversy Exceeds $75,000

23. A District Court shall have original jurisdiction based on diversity jurisdiction over a proceeding where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

24. In the Action, Plaintiff alleges that it is seeking compensatory damages for breach of contract in an amount of "more than $50,000.00." (Ex. 1, Complaint.)

25. In addition, Plaintiff seeks pre-judgment interest, post-judgment interest, and "such other relief as the court may deem equitable and just." (Ex. 1, Complaint.)

26. Based on the foregoing and upon information and belief, the amount in controversy exceeds the jurisdictional limit of $75,000.00 under 28 U.S.C. § 1332(a).

27. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

**Removal to this Court is Proper**

28. For the reasons set forth above, this Court has subject matter jurisdiction over the Action under 28 U.S.C. §1332(a)(1).

29. Venue is proper before this Court pursuant to 28 U.S.C. § 1441(a) because this is the Federal District Court for the district and division embracing the place where the Action is pending, which is the Court of Common Pleas of Montgomery County, Pennsylvania.

30. Plaintiff is a citizen of Pennsylvania, and Selective is not a citizen of Pennsylvania. Therefore, there is complete diversity of citizenship, and 28 U.S.C. § 1441(b)(2) does not preclude removal of the Action.

31. The Action is not among the classes of cases that are not subject to removal pursuant 28 U.S.C. § 1445.

32. This Notice of Removal is filed with this Court within the requisite thirty (30) days after service of the Summons and Complaint upon Selective, pursuant to 28 U.S.C. § 1446, because Selective was served on November 4, 2021, and this Notice of Removal is filed on November 24, 2021.

33. Selective will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Montgomery County, Pennsylvania, and will give written notice of the removal to counsel for Plaintiff.

34. Therefore, Defendant Selective Way Insurance Company hereby removes the Action to the United States District Court for the Eastern District of Pennsylvania.

35. Nothing in Selective's Notice of Removal shall be interpreted as a waiver or relinquishment of Selective's rights to assert any defense or affirmative matter, nor shall it be interpreted as an admission to any of the allegations made in the Complaint.

WHEREFORE, based on the foregoing, Defendant Selective Way Insurance Company respectfully requests that the Action bearing Docket No. 2021-22209-0 currently pending in the Court of Common Pleas of Montgomery County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Date: November 24, 2021                                    Respectfully Submitted,

                                                           KENNEDYS CMK LLP

                                                    By:    _____
                                                           Thomas J. Seery, Esquire
                                                           Attorney I.D. No.: 318954
                                                           1600 Market Street, Suite 1410
                                                           Philadelphia, PA 19103
                                                           267.479.6700
                                                           Thomas.Seery@kennedyslaw.com

                                                           *Attorneys for Defendant*
                                                           *Selective Way Insurance Company*